# Commonwealth ex rel. Jones *v.* Blackley.

*Constitutional law—Townships—Classification of townships—Act of April* 28, 1899, *P. L.* 104.

The act of April 28, 1899, classifying townships according to the density of their population, is not unconstitutional as special or local legislation.

*Statutes—Repeal—Townships—Acts of April* 14, 1853, P. L. 422, *and April* 28, 1899, P. L. 104.

The act of April 28, 1899, classifying townships, repeals the local act of April 14, 1853, relating to the election of a treasurer in Mifflin township, Allegheny county.

McCollum, C. J., and Mestrezat, J., dissent.

Argued Oct. 29, 1900. Appeal, No. 93, Oct. T., 1900, by defendant, from order of C. P. No. 2, Allegheny Co., April T., 1900, No. 711, entering judgment of ouster against defendant in case of Commonwealth ex rel. Nathan D. Jones v. H. M. Blackley. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Quo warranto to determine title to office of treasurer of Mifflin township.

The case was heard on demurrer to answer of respondent.

Shafer, J., filed the following opinion:

This case was heard upon the relator's demurrer to the answer of the defendant, to the suggestion for a quo warranto, the parties having by agreement waived the issue and service of a writ. The suggestion and answer show the following state of facts:

By a special Act of April 14, 1853, P. L. 422, the people of Mifflin township, Allegheny county, are authorized to elect a treasurer for the township, to hold office for a period of three years. The act provides that it shall be the duty of said treasurer " to examine the accounts of the various officers, and to sue for and collect any unexpended balances in the hands of any of the township officers, and to compel the collection of any taxes that may be due and unpaid at the end of the year."

At the election in February, 1898, H. M. Blackley, the defendant, was duly elected treasurer under this act, and entered

upon the exercise of the office, and has continued to exercise the same up to the bringing of this action.

On January 1, 1900, the commissioners of Allegheny county duly proclaimed the township of Mifflin as a township of the first class, under the provisions of the Act of April 28, 1899, P. L. 104. In accordance with said proclamation the township officers provided for by said act for townships of the first class were duly elected at the February election in 1900, and among others Nathan D. Jones, the relator, was elected treasurer.

The questions which arise on this state of facts are, first, whether the special act is repealed by the act of 1899, and, second, whether the latter act is constitutional.

As to the first, there seems to be little question that the duties and powers of the new treasurer, under the act of 1899, are very much broader than those of the treasurer under the special act. The only duty prescribed by the special act which seems to authorize the receipt of any moneys by the treasurer is that of suing for and collecting any unexpended balances in the hands of the township officers. This evidently refers to the supervisors. When the unexpended balances in their hands might be sued for is not clear; but it is clear that this treasurer was not authorized to collect taxes, as is the treasurer under the act of 1899; but the latter treasurer has custody of all moneys, and is directed to turn over all moneys in his hands at the end of his term to his successor in office, which would take away from the defendant any right to sue for any balance at all. It does not clearly appear from the suggestion and answer precisely what powers the defendant claims to exercise under the act of 1853; but from the bond given by him, and from the interference of one office with another, which is assumed rather than asserted in the pleadings, it may be inferred that the respondent has been performing, and claiming the right to perform, the ordinary duties of a treasurer, rather than those which are expressly given by the act of 1853. In this view of defendant's duties we have no doubt that they are incompatible with those to be performed by a treasurer under the act of 1899, and that therefore the special act must yield to the later general one: Quinn v. Cumberland County, 162 Pa. 55.

But we do not understand that defendant seriously questions this position. His principal claim is that the act of 1899, is

unconstitutional, as not within the limitations of the power of classification as defined by the Supreme Court. It is claimed that the classification here attempted is unnecessary, and therefore illegal; that if any classification is necessary, townships should be classified according to population only, and not according to the density of the population; that the delegation of authority to the board of commissioners is invalid; and that sections 2 and 3, providing for the manner of assessing costs of improvements, and clause 7 of section 7, as to interest on debt, are also illegal and void.

As to these latter suggestions we do not see, even if some or all of the clauses in question should prove unconstitutional, that it could affect the act itself in the particulars which now concern us.

The constitution does not prohibit the classification of cities, boroughs and townships. It does prohibit special legislation in regard to the same. The Supreme Court has been frequently called upon to consider acts attempting a classification of cities and of counties, and many such acts have been held to be void, not because classification is forbidden, but because the attempted classifications in question were held to result in special legislation. It is true that in some cases expressions have been used which would appear to indicate that no classification can be good unless it is necessary, and imperatively demanded by the manifest peculiarities of the various classes (Ayars's Appeal, 122 Pa. 266, and other cases), and the defendant contends that no imperative necessity has been shown here for the classification in question. Using the words in their literal sense this must be admitted to be true. It must be remembered, however, that these expressions were used in the discussion of acts for the classification of cities; and acts which, however general they may have appeared on their faces, were, in fact, flagrantly and designedly special in effect; and as applied to cities which are comparatively very few in number, they are but another way of saying that the legislature cannot create classes which are not, in truth and in fact, real classes, founded upon real differences which concern the conduct of the local government.

As to the mode of classification by the density instead of by the bulk of the population, we cannot see that it is liable to just criticism. In classifying cities which are ex vi termini

great centers of a crowded population, the character of the city is sufficiently determined by the number of inhabitants ; but in classifying townships, which constitute the whole residuum of the commonwealth, not yet organized into boroughs or cities, and of which some are very large and some very small, it would seem to be more reasonable, if they are to be classified at all, not to classify them by number of population, which would put into different classes communities exactly similar in their wants as to roads, sidewalks and other matters concerning their municipal government, but to classify them on the same principle on which boroughs are erected out of townships,—namely, on the density of their population. The result, we think, is general, and not special legislation. Every township in the commonwealth may, by increase of its population, become a township of the first class, or, by a decrease, cease to be such. Eight of the fifty-three townships of Allegheny county are now within the terms of the act. This does not indicate that the result of the act is to produce special legislation, and this, we are convinced, is the final test of any act which undertakes to classify municipal corporations or anything else.

We are therefore of opinion that the demurrer should be sustained, and judgment of ouster entered against the defendant.

*Error assigned* was the judgment of the court.

*Charles A. O'Brien,* with him *Charles W. Ashley* and *L. L. Davis,* for appellant.—The Act of April 28, 1899, P. L. 104, providing for the classification of townships, is unconstitutional and void, as not being within the legislative limitations on the power of classification as fixed and defined by the Supreme Court: Opening of Ruan Street, 132 Pa. 279; Ayars's App., 122 Pa. 266; Pittsburg's Petition, 138 Pa. 431; Rutherford's Case, 72 Pa. 82; Craig v. Kline, 65 Pa. 399.

The act is purely local in its effect, and works to the disadvantage of the township itself, taxing and placing burdens on all the citizens of the township to the advantage of perhaps a small portion of it, that may be densely populated, and which would obtain all the advantages of the new act by becoming incorporated as a borough.

*William H. Sponsler*, for appellee.—The method of classification was a proper one: Greenfield Ave., 191 Pa. 290; 1 Rapalje & Lawrence's Law Dict. 216; Black's Law Dict. 210; Dive v. Manningham, 1 Plowden, 60.

In Sugar Notch Borough, 192 Pa. 349, and in Com. v. Gilligan, 195 Pa. 504, it was ruled that school districts are proper subjects for classification, because the same clause of the 7th section of article 3 of the constitution which contains the word "cities" contains the word "school districts." Suffice it that the clause also contains the word "townships."

OPINION BY MR. JUSTICE MITCHELL, January 21, 1901:

This judgment is affirmed on the opinion of the learned judge below.

McCOLLUM, C. J., and MESTREZAT, J., dissent.