## Krzykwa v. Croninger, Appellant.

*Public officers—Township treasurer—Liquor law—Road law—Mandamus.*

In townships having township treasurers, the liquor license money due the township under the Act of June 9, 1891, P. L. 248, must be paid to no one else than the treasurer. If the county treasurer has paid it to the supervisors who have used it upon the roads, he may nevertheless be compelled by mandamus to pay the money again to the township treasurer.

Argued May 27, 1901. Appeal, No. 136, Jan. T., 1901, by defendant, from order of C. P. Northumberland Co., May T., 1901, No. 91, awarding mandamus in case of Charles Krzykwa, Treasurer of the Township of Coal, v. Mathias Croninger, Treasurer of Northumberland County. Before McCOLLUM, C. J., MITCHELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for mandamus.

SAVIDGE, P. J., filed the following opinion:

Coal township was in 1900 regularly organized as a township of the first class under the act of April 28, 1899.

Pursuant to the act of June 12, 1893, commonly known as the Losch Road act, proceedings were had in this court for the contracting of the roads by the supervisors to the Philadelphia and Reading Coal and Iron Company, petitioners. The act of April 28, 1899, was declared unconstitutional. Supervisors were appointed by this court, Judge STEWART sitting, and the contract decreed, which was duly entered into, and the contractor, the said coal and iron company, made and repaired the roads and bridges of said township for said year. The township's portion of the license money for the year amounted to $2,935. This was paid by the county treasurer to the supervisors, who turned the same over to the contractor, and the money was used upon the roads. The petitioner, alleging that he was the duly elected and qualified treasurer of the township, has instituted these proceedings to the end that the fund may be turned over to him as such treasurer.

It is contended by the respondent that the petitioner was not the acting treasurer of the township for the year for the reason that he was elected under the act of April 28, 1899, and that inasmuch as that act was declared unconstitutional by this court the office fell with the act. Whether or not he was elected under that act, it seems to us, is of no consequence. The township was entitled to elect a treasurer under the general township act, and we conclude that in any event he was the proper treasurer of the township.

The general liquor license act provides that the township's portion of the license money shall be paid to the township treasurer to be applied to keeping the roads in repair. The Losch Road act provides, section 7 : " The contractor shall at his own expense, open, make, and repair the public highways and bridges without any right against or claim upon the said township, or road district, for or by reason of materials or labor so furnished," and in section 5, clause 1, "That the contractor shall contract to do so wholly at its or his expense."

We are of opinion that the contractor is not entitled to have the license money to be used upon the roads, but that it must be paid to the township treasurer, there to remain until legislative provision be made for the application of the same.

It cannot be worked out on the roads by the supervisors under the Losch act because they have nothing to do with making

the roads, and it is their duty to see to it that the contractor complies with his contract; and neither, as we conclude, can it be turned over to the contractor because he is to do the work solely at his own expense.

A mandamus is therefore awarded directed to the county treasurer compelling him to pay over to the township's treasurer, Charles Krzykwa, the said township's portion of the license fund, to wit: $2,935, collected for the year 1900.

*Error assigned* was the order of the court.

*S. P. Wolverton,* for appellant.—The supervisors were at least de facto officers, and as such their acts were valid: 1 Beach on Public Corporations, sec. 182; Riddle v. Bedford County, 7 S. & R. 392; Keyser v. M'Kissan, 2 Rawle, 139; Com. v. Evans, 74 Pa. 124; King v. Phila. Co., 154 Pa. 160.

The supervisors of Coal township were appointed, and acted during the year 1900 as such with the same effect as if they had been elected to the office, and performed all the duties incumbent upon them as such supervisors. They received from the county treasurer the money collected and paid to him for licenses granted within the township. These license fees were payable in September, 1900. They receipted to the county treasurer, as supervisors for the amount due this township. The moneys were expended on the repairs of the public roads within the township, and it is submitted that their receipt to the county treasurer for the amount is a sufficient voucher for the payment of these fees under the law, and that the county treasurer cannot be now called upon to again pay the said amount.

*William W. Ryon* and *George B. Reimensnyder,* for appellee. —Where a statute creates a new system of appointing local officers, it operates as a repeal of prior laws, and the functions of the officers then existing fall with the repeal of the act under which they hold: Blake v. Com., 5 W. N. C. 48; Sifred v. Com., 104 Pa. 179; Martz's Election, 110 Pa. 502; Bennett v. Commissioners of Luzerne County, 171 Pa. 221.

OPINION BY Mr. JUSTICE BROWN, July 17, 1901:

As we have affirmed the constitutionality of the act of

April 28, 1899, in Com. ex rel. Jones v. Blackley, 198 Pa. 372, and this day, to No. 110 of the present term, decided that the act of June 12, 1893, has been repealed, the only question before us on this appeal is, the right of the appellee to the mandamus awarded by the court below, which was directed to be issued on the petition, answer and replication. By the Act of June 9, 1891, P. L. 248, amending the Act of May 13, 1887, P. L. 108, regulating the sale of liquors, four fifths of the license fees paid for licenses in townships are to be paid to the township treasurers, to " be applied to keeping the roads in good repair." In townships not having treasurers, this money is, ex necessitate, paid to the supervisors, who in such townships, are practically township treasurers for the receipt and expenditure of moneys for road purposes; but, where the office of township treasurer exists, the license money due the township can, under the act of June 8, 1891, be paid to no one else.

In the petition for this mandamus the petitioner alleges that he was duly elected to the office of township treasurer in the township of Coal, in the county of Northumberland, for the year 1900 ; that he gave a bond, as required by law, and entered upon the duties of his office, and was, at the time of the presentation of this petition, acting as such treasurer; that there was in the hands of Mathias Croninger, appellant, treasurer of Northumberland county, the sum of $2,935, due and payable to him as treasurer of said township, as its share or portion of the fees collected for licenses issued for the sales of liquor in it; that demand for the same was duly and regularly made upon the said Mathias Croninger, treasurer as aforesaid, on the day when the said sum of money became due and payable—which was on September 1, according to the terms of the Act of July 30, 1897, P. L. 464—and subsequently thereto, and payment of the same was refused. The answer of the appellant admits that the relator had been duly elected treasurer of Coal township, and had qualified as such, under the provisions of the act of assembly of April 28, 1899 ; that the said sum of money paid for licenses had been in his hands until September 11, 1900—ten days after it had become due and payable to the treasurer of the township—and ten days after it had been demanded by that officer; and, as a reason why he should not now pay it to the relator, sets forth the payment to

persons alleged, under the circumstances stated in the answer, to have been the supervisors of the township.

The act of assembly is clear that the money is payable to the township treasurer, to be applied to keeping the roads in repair. This means that the proper township authorities can direct the expenditure of the money so paid to the township treasurer; but, in the first instance, it must be paid to him. The conditions stated in the answer of the appellant under which he paid the money to the supervisors, cannot relieve him now from paying it to the officer designated by the act of assembly as the person to whom it must be paid and who, it is admitted, has qualified himself to receive it. That it may have actually been used for road purposes by persons not authorized to receive it, cannot affect the liability of the appellant to pay it to the officer specifically named as the one to whom it must be paid. There is no allegation that the election of the township treasurer was irregular, or that the election at which he was elected had not been, in all respects, legal; on the contrary, we have the distinct admission of the due election and qualification of the relator, and to him alone was the money payable in the first instance, the supervision of its expenditure being, as stated, with the proper township authorities. Under the plain admissions in the answer, the writ of mandamus could not have been withheld, and the order of the court below, in directing it to issue, is affirmed.