## McCarty Will.

Argued September 30, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Milton J. Kolansky,* with him *Joseph P. Murphy,* for appellant.

*Frank J. McDonnell,* with him *Edward J. Kelly* and *F. Preston Badger,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1946:

Appellant (not a relative) was one of the residuary legatees under a will of testatrix dated in 1942. In 1943 a new will was executed under the terms of which all prior wills were revoked, but in which appellant was given no bequest. At the execution of the 1943 will the

earlier one was destroyed. Testatrix died March 16, 1943. On July 9, 1943, appellant appealed from the order of the register of wills dismissing his caveat and directing probate of the 1943 will. No steps were taken by appellant to perfect his appeal. On November 7, 1945 (over two years after the appeal), proponents secured a citation against the appellant to dismiss, inter alia, because he was not a "person interested" under section 17 of the Register of Wills Act of June 7, 1917, P. L. 415, as amended by the Act of August 5, 1941, P. L. 821, section 1, 20 PS, section 1961 (Supp). An answer was filed, issue joined and a hearing had. The learned hearing judge found: "There is nothing in the evidence of the respondent, and there is no offer of competent evidence to warrant a finding that [testatrix] was incompetent when she destroyed the will in his favor and made a new will." Also "As [appellant] was not an heir of the said [testatrix] his sole ground for claiming any interest in the will was that she was incompetent when she destroyed the will in his favor and made a new will. There is no evidence remotely suggesting that the new will witnessed by her attending physicians several weeks before her death was the act of an incompetent."

In *Curtis's Estate*, 253 Pa. 389, 390, 98 A. 575, we said: ". . . It clearly appeared from the testimony that the testator had destroyed that will when he was fully competent to do so, and this fact, properly found by the court below, left the appellant without any interest in the estate of the testator and with no standing as a contestant of the will executed in 1914." We cited this case with approval in *Ash Will*, 351 Pa. 317, 41 A. 2d 620.

For these reasons we decide that appellant is not a "person interested" under the Register of Wills Act, supra, entitled to contest the will. The decree is affirmed at appellant's cost.