Sheerin et al., Appellants, *v.* Beattie, Register of Wills.

Submitted October 9, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Frank S. Riordan,* for appellants.

*Albert H. Heimbach,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 13, 1950:

The Register of Wills of Carbon County properly refused to probate a will where, before a formal decree of probate had been signed, verbal and written notice of an intention to file a caveat had been given him by the attorney for contestant, followed in twenty days by the entry of a formal caveat and the filing of a statutory bond. Proponents, appellants herein, contend that the deputy register of wills had, in effect, probated the will despite the absence of a *formal* decree of probate and that the bond accompanying the formal caveat had

been filed too late. Appellants filed a petition for mandamus *in the Court of Common Pleas* seeking to compel the register formally to probate the will and issue Letters Testamentary. An answer was filed, issue joined and hearing had. The court filed an opinion entering judgment for the register, the appellee. This appeal followed.

While we would have been in entire accord with the decision of the court below *on the merits* we cannot affirm the judgment entered by the court below because the *Court of Common Pleas* was without jurisdiction. The Register of Wills Act of 1917, June 7, P. L. 415, 20 PS 1861 et seq. confers jurisdiction upon the register to probate wills. The Orphans' Court Act of 1917, June 7, P. L. 363, section 9 (m), 20 PS 2253, grants jurisdiction to the orphans' court in all appeals from the orders and decrees of the register. The remedy and method of procedure relating to probate and contest of wills being prescribed by these statutes, their provisions must be strictly pursued and exclusively applied: *Keefer Estate,* 351 Pa. 343, 41 A. 2d 666; *Fahey Estate,* 356 Pa. 535, 52 A. 2d 580; *Quein Will,* 361 Pa. 133, 62 A. 2d 909. For practice and procedure, and a host of applicable cases, see Judge HUNTER'S Pennsylvania Orphans' Court Commonplace Book.

Order and Judgment reversed and the court below is directed to dismiss the proceedings for lack of jurisdiction. Costs to be paid by appellants.