## Kevra Estate.

Argued March 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*Michael H. Sheridan,* for appellant.

*Andrew Hourigan, Jr.,* with him *Albert L. Anselmi,* for appellee.

OPINION BY WRIGHT, J., April 15, 1953:

Decedent died intestate on March 20, 1950. His brother, Alexander Kevra, was appointed administrator. At the direction of the court after citation and answer, the administrator filed an inventory and appraisement. Exceptions were filed by the guardian of decedent's two minor children alleging inter alia

that the administrator had failed to include a 1947 Buick Super Sedan automobile. To these exceptions the administrator filed an answer alleging that at the time of his death decedent did not own or possess an automobile, and that no automobile had come into the possession of Alexander Kevra as administrator. After the taking of testimony and argument thereon, the court below dismissed the exceptions on the ground that the orphans' court lacked jurisdiction to determine the dispute. The guardian has appealed.

The record discloses that the automobile in question was registered in decedent's name on the day of his death. It was alleged, however, that on the day (Sunday) before his death decedent had executed an assignment of title to Alexander Kevra. This assignment is dated the day (Monday) of decedent's death and was not received by the Department of Revenue until two days thereafter. Its validity was challenged by exceptant on the ground of forgery, and testimony was produced that the automobile was in decedent's possession on the day of his death. It is now in the possession of Alexander Kevra.

The applicable principles governing the jurisdiction of the orphans' court where title to personal property is in dispute were outlined in *Keyser's Estate,* 329 Pa. 514. The controlling issue was stated to be whether the personal property in question was in decedent's possession, either actually or presumptively, at the time of his death, or thereafter came into the hands of his personal representative. This proposition has been repeatedly recognized and was reaffirmed recently in *Fell Estate,* 369 Pa. 597, and *Perri v. Chiavaroli,* 370 Pa. 495.

Under Section 301 (13) of the Orphans' Court Act of 1951, P. L. 1163, the orphans' court now has exclusive jurisdiction of the adjudication of the title to per-

sonal property "in the possession of the personal representative, or registered in the name of the decedent or alleged by the personal representative to have been in the possession of the decedent at the time of his death". This section was intended by the drafters of the Statute to obviate preliminary disputes as to the jurisdiction of the orphans' court. While the Act applies to the administration of all estates within the orphans' court, regardless of the date of death, it is not necessary for us to consider its application in the case at bar as jurisdiction of the controversy in question is not dependent thereon. In answer to the suggestion of the lower court that the right of jury trial should not be abridged, we point out that this right is preserved by Section 745 of the Act, if timely demand is made.

In the present case it was established (1) that the automobile in question was registered in decedent's name on the day of his death, and was presumptively at least in decedent's possession; (2) that it is now in the possession of the administrator. It is not material that Alexander Kevra alleges possession individually, and not as fiduciary: *Vassilakis v. Vassilakis*, 371 Pa. 268, 273. Our conclusion is that the orphans' court clearly has jurisdiction of the dispute.

The filing of exceptions to an inventory and appraisement has no statutory basis. A petition for citation to file a supplemental inventory would have been good practice: *Leadenham's Estate*, 289 Pa. 216. This question was first raised after conclusion of the hearing. Under the circumstances it was a matter for the lower court and we deem it of no consequence.

The decree of the court below is reversed and the record is remitted for further proceedings consistent with this opinion. Costs to abide the final decree.