## Kreider Estate

*Paul M. Showalter*, for petitioners.

*Harry L. Wilcox* and *Leonard R. Apfelbaum*, contra.

SHOWERS, P. J., April 30, 1953.—The matter before the court has to do with preliminary objection filed to a petition for citation, raising questions of law. The facts are as follows: On October 14, 1952, May R. Kreider died testate, and in and by her last will and testament, dated July 31, 1952, and offered for probate to the Register of Wills of Union County, Pa., on October 18, 1952, certain minor bequests were made, leaving the bulk of her estate to one Blanche Jordan, and naming Blanche Jordan executrix of her estate. It is agreed by counsel for the respective parties that, at the time May R. Kreider died, there were three persons who would be entitled to her estate under the intestate laws of the Commonwealth of Pennsylvania, namely Henry R. Kreider, brother; Roy H. Kreider, nephew, and Beatrice K. Hosterman, niece. On the

date of decedent's death, to wit, October 14, 1952, one Josephine K. Ziegler filed an informal caveat before the Register of Wills of Union County, Pa. Subsequently, on October 23, 1952, Josephine K. Ziegler and Paul H. Gharret and Ida Mae Gharret, his wife, filed a formal caveat with the Register of Wills of Union County as aforesaid, and on the same date filed what purported to be a caveat bond. On October 27, 1952, the register of wills as aforesaid, certified the proceedings to the Orphans' Court of Union County for disposition, and on November 13, 1952, the register of wills permitted the persons entitled to the estate of decedent under the intestate laws of the Commonwealth of Pennsylvania, to join with the original parties to the formal caveat, but the persons entitled to decedent's estate under the intestate laws of the Commonwealth of Pennsylvania, did not join in the signing of the caveat bond. On December 22, 1952, respondent, by her counsel, accepted service of the petition for citation, which petition was signed by Henry R. Kreider, and was joined by Josephine K. Ziegler, Paul H. Gharret, Ida Mae Gharret, Roy H. Kreider and Beatrice K. Hosterman. On January 12, 1953, respondent filed preliminary objections to the petition for citation, alleging and setting forth the illegality of the proceedings as the basis of his objections.

The questions involved are as follows:

1. Is a caveat filed by one, not a party in interest, of legal sufficiency to justify the register of wills refusing a will for probate?

2. Is a caveat bond not signed by a party in interest, legally sufficient?

Caveat, let him beware, is a notice given by a party having *an interest*, to some officer not to do an act till the party giving the notice has a chance to be heard, as to the register of wills not to permit a will to be proved, or not to grant letters of administration, or

to the officer of the land office not to give a patent, or to a clerk in chancery not to enroll a decree until the objections can be heard: Kenyon v. Stewart, 44 Pa. 179, 189 (1863); Phillip's Estate, 293 Pa. 351, 353; Miller's Estate, 166 Pa. 97. The cases supra, in connection with caveats, are unanimous in defining the office of a caveat, and limiting its availibility to a party in interest.

A caveat was filed October 23, 1952, with the Register of Wills of Union County, by Josephine K. Ziegler and Paul H. Gharret and Ida Mae Gharret, husband and wife, assigning reasons and objections to the probate of the purported will of the decedent, the caveat reciting that caveators are parties in interest. A party in interest is one who has such an interest as may be impaired or defeated by the probate of the will, or benefited by setting it aside. A caveat bond was filed by the caveators, supra, on the date of the filing of the caveat. Section 207 of the Register of Wills Act of June 28, 1951, P. L. 638, provides:

"Whenever a caveat shall be filed or a dispute shall arise before the register concerning the probate of a will, the grant of letters or the performance of any other function by the register, he may certify, or the court upon petition of any party in interest may direct the register at any state of the proceedings to certify, the entire record to the court, which shall proceed to a determination of the issue in dispute. No letters of administration pendente lite shall be granted by the register after proceedings have been removed to the court except by leave of court."

In the instant case, no testimony has been taken before the register. We are unable to conclude from the record what issue is in dispute and what evidence, if any, was produced before the register of wills to prompt him to accept the caveators as parties in interest. The caveators do not claim any interest under the

terms of the will, nor do they indicate in what manner they would be benefited by the setting aside of the will. Paragraph 1 of the petition for citation filed December 15, 1952, in fact negatives any interest on the part of the caveators, under the intestate laws. Paragraph 1 is as follows:

"That May R. Kreider died October 14, 1952 leaving to survive her as the persons entitled to her estate under the Intestate Laws of the Commonwealth of Pennsylvania, the following: Henry R. Kreider—Brother; Roy H. Kreider—Nephew; Beatrice K. Hosterman—Niece."

Counsel for caveators may have advanced the novel argument before the register that he did by brief and oral argument before us, i.e., that none of the heirs of May R. Kreider will benefit from the failure of the purported will to be probated since decedent, May R. Kreider, died without leaving any estate, real or personal. The only person or persons who would benefit by the failure to probate the alleged will would be Mr. and Mrs. Gharret, two of the caveators. Their interest, according to counsel for caveators, is based upon articles of agreement recorded in Miscellaneous Deed Book No. 14, page 630, in the recorder's office, by which articles of agreement May R. Kreider agreed to convey to Mr. and Mrs. Gharret (two of the caveators), her real estate and all personal property, except certain enumerated items, and the Gharrets agreed to board, lodge, clothe, care for, maintain and support May R. Kreider. The court is not interested at this point of the proceedings, in the agreement. Caveators' interest in decedent's estate, based upon a contractual arrangement with decedent is not, in our opinion, such a party in interest under the statute in a will contest, as would justify the register of wills in refusing probate. It may be assumed after an independent investigation by the register that he arrived at the con-

clusion that the Gharrets, by reason of the agreement, were parties in interest. An independent hearing would have undoubtedly revealed to the register that the caveators were not legal parties in interest as statutorily provided and decisionally interpreted.

Carpentier's Estate, 104 Cal. App. 33, 285 Pac. 348, from a district court of California, is compelling, because in that case decedent had executed a document which contestant claimed was both a will and a contract to leave by will certain property therein described, to contestant. Subsequently decedent executed a will expressly revoking all previous wills and making a different disposition of the property, which was offered for probate. Contestant (a legatee) filed a contest based upon the earlier writing and proposed the earlier document for probate. The court below sustained a demurrer to the contest; admitted the latter will to probate, and denied probate to the earlier document. We quote the following from the opinion:

"A will, though it may be irrevocable as a contract is none the less revocable as a will, and in case such a will is revoked, the injured party cannot contest the later will in the probate court on that ground or insist on the probate of the earlier will, but is remitted to an independent action at law or in equity to enforce whatever rights he may have."

Contestants who challenge the validity of a will must prove that they would be entitled to participate in the enjoyment of the estate of testatrix if the will before the court be ruled invalid (Ash Will, 351 Pa. 317 (1945)), otherwise contestants are not "parties in interest" who have a standing to contest the validity of the will. See Curtis' Estate, 253 Pa. 389 (1916) ; McCarty Will, 355 Pa. 103 (1946) ; Wingert's Estate, 199 Pa. 427 (1901), and Cahill's Estate, 21 Dist. R. 660 (1912). We do not believe that the caveators have demonstrated that they are interested parties as

required by law. See Frazier's Estate, 75 D. & C. 588. Subsequent joinder of parties in interest without likewise joining in the bond, is insufficient. Therefore, we conclude with respect to the first question, that the caveators are not such parties in interest of legal sufficiency to justify the register of wills in refusing the will for probate.

The second question is whether a caveat bond not signed by a party in interest is legally sufficient. The Register of Wills Act of June 28, 1951, P. L. 638, sec. 206, 20 PS §1840.206, relating to caveat bond, provides as follows:

"(a) Bond. When a caveat has been filed, the register shall not delay the probate of a will or the grant of letters for more than ten days after the filing of the petition for probate or for grant of letters, or after the filing of the caveat, whichever shall be later, unless within such ten-day period a party in interest shall file with the Register his bond in the name of the Commonwealth with sufficient surety in such amount, not less than $500.00 or more than $5,000.00, as the Register considers necessary, conditioned for the payment of any costs which may be decreed against the caveator.

"(b) Failure to give bond. If no bond is filed within the ten-day period, the caveat shall be considered abandoned, except as the Register, for cause shown, shall extend the time."

This act regulates the procedure to be followed in connection with the filing of a caveat and bond.

"The remedy and method of procedure relating to probate and contest of wills being prescribed by Statute, their provisions must be strictly pursued and exclusively applied": Sheerin et al. v. Beattie, Register of Wills, 365 Pa. 510. Failure to file proper bond, is cause for dismissal. See Estate of Hiram Nichol, 2 Lack. Jur. 421; Winklefoose's Estate, 5 York 151. The

bond not complying with the statutory requirements in connection with costs, on appeal to the orphans' court, is of no effect and null and void: Bailey's Estate, 281 Pa. 392. See also Doyle's Estate, 318 Pa. 371. We believe that failure by caveators to file the proper statutory bond within the 10-day period shall be considered as an abandonment of further proceeding.

We do not deem it necessary to consider other questions submitted, and therefore enter the following

### Order

And now, April 30, 1953, the caveat and bond filed October 23, 1952, by Josephine K. Ziegler, Paul H. Gharret and Ida Mae Gharret are hereby dismissed; and the record, including all certifications made by the register to the orphans' court, is hereby remanded to the register of wills, for further consideration and action thereon as may be appropriate with respect thereto.