## Klein Estate

*Joseph H. Cochran,* for plaintiff.

*Saul J. Bernstein* and *Bowytz & Bowytz,* for defendant.

BRAHAM, P. J. (53rd judicial district, specially presiding), November 14, 1954.—Plaintiff, Edward C. Klein, as grantee and devisee of his mother, Amelia Klein, who died testate January 20, 1954, seeks a declaratory judgment to obtain a determination of the precise amount of the property conveyed to him by her will. Joseph F. Klein, his brother and the executor named in the will, has filed preliminary objections challenging plaintiff's right to maintain a declaratory judgment proceeding under these circumstances.

The Declaratory Judgments Act originally adopted on June 18, 1923, P. L. 840, as amended by the Acts of April 25, 1935, P. L. 72, and of May 26, 1943, P. L. 645, and as supplemented by the Acts of May 22, 1935,

P. L. 228, and of April 13, 1943, P. L. 43, 12 PS §§831-853, incl., now establishes a settled mode of procedure in this Commonwealth. In Kariher's Petition (No. 1), 284 Pa. 455, the first case under the Act of 1923, the court said:

"Jurisdiction will never be assumed unless the tribunal appealed to is satisfied that an actual controversy, or the ripening seeds of one, exists between parties, all of whom are sui juris and before the court, and that the declaration sought will be a practical help in ending the controversy."

In the case at bar the facts must be gleaned from the pleadings. From the petition it appears that on June 26, 1948, Amelia Klein conveyed to Edward C. Klein, plaintiff, a farm of 68 acres "reserving her right to live in dwelling on said farm during her lifetime". The deed, a copy of which is attached to the petition, as an exhibit reserves also "all mineral rights during her natural life". On the same date Edward C. Klein and wife executed to Amelia Klein a mortgage covering the same premises in the amount of $3,800. On January 20, 1954, Amelia Klein died testate and by her will provided, inter alia, as follows:

"In consideration of having been furnished a home all necessities of life I give, devise and bequeath unto my son Edward Klein all my right title and interest in our farm and coal in Mercer Township, Butler County, Pennsylvania, subject to the following conditions: That my son Christopher shall have the privilege of using farm tractor and other farm equipment on his occasional visits to our place or his; and conditioned further that Edward shall, within one year after my death, pay to each of the following named of my children the sum of Two Hundred Dollars: Joseph F. Klein, Christopher Klein, Henrietta Sowers, Anna Mae Surrena and Amelia Phipps."

The will leaves the residue to the six children.

Joseph F. Klein was appointed executor of the will of his mother Amelia Klein. Edward C. Klein contends that under the language of the will above quoted his mother conveyed to him the mortgage and that he now owns the fee. This contention is, according to the petition, denied by the executor.

By his demurrer Joseph F. Klein, executor, admits all facts recited above. The case then falls within the purview of section 4(c) of the act (12 PS §834(c)), which allows relief:

"To determine any question arising in the administration of the estate or trust, including questions of constructions of wills and other writings."

Defendant contends that this court has no jurisdiction because "Plaintiff has prompt, adequate and specific statutory remedy in and during the normal administration of said estate, without recourse to the extraordinary relief of a declaratory judgment". There is ample authority to support the proposition that a specific statutory remedy must be followed and that the court has no right to decide purely hypothetical case or cases, depending upon contingencies which have not yet arisen: Dravo Estate, 360 Pa. 115. But section 836 of the statute (12 PS §836) provides:

"Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present."

There are cases where the established procedure was adequate: For example, Gerety Estate, 349 Pa.

417, where only the identification of the beneficiary of an estate was involved, or Wyszynski v. Philadelphia, 370 Pa. 632, where all one aggrieved by revocation of a permit needed to do was to appeal. There are the cases where the court could not grant a declaratory judgment because the situation might change and the judgment be unnecessary and futile: Colove v. Robesonia Borough, 364 Pa. 626. There are the cases where declaratory judgment could not be used because the matter at issue was already being considered in another court: Fahey Estate, 356 Pa. 535; American Casualty Company of Reading v. Kligerman et al., 365 Pa. 168; Sheerin et al. v. Beattie, 365 Pa. 510.

In the case at bar the proceedings alternative to declaratory judgment are not so clear. The case cannot be determined at audit because Edward C. Klein has a right if he chooses to have the claim of his mother's estate against him proceeded with at law and the proceeding to foreclose a mortgage is not a simple one. He already owns the real estate and he might proceed under the procedural rules providing for the quieting of titles (Pa. R. C. P. 1061-1066) but this procedure would ultimately be terminated by the court's opinion of the writings involved, that is, the deed, the mortgage, and the will. But the proceeding to quiet title is in the common pleas whereas the parties and their respective claims are now in the orphans' court. The shuttling of cases back and forth from one court to another should be avoided.

The only concrete suggestion made by defendant is that the question can be decided upon plaintiff's filing exceptions to the inventory and appraisement in this case. Until Kevra Estate, 173 Pa. Superior Ct. 229, there had been no appellate case sanctioning the filing of exceptions to the inventory and appraisement in a decedent's estate although there had been some lower court cases. In any event, as pointed out in Kevra's

Estate there was and is no statutory warrant for such procedure. Defendant's argument therefore amounts to this: Plaintiff should not have employed declaratory judgment to obtain construction of this will, although the Declaratory Judgments Act expressly provides for it, but should have filed exceptions to the inventory and appraisement, although there is no such statutory procedure.

The courts have paid too much attention to names and forms instead of to the realities of the judicial process. The problem is one of the interpretation of documents. It may be decided now once and for all in the statutory proceeding expressly provided by the legislature. There is no reason for trying to conjure up some alternative procedure. Let us do the immediate, the obvious, the sensible thing; it will prove to be the lawful thing.

No one has questioned the sufficiency of the parties to this proceeding. However, only defendant, the executor, seems to have been served. Paragraph 11 of the Act of 1923 (12 PS §841) requires that "all . . . parties who have or claim any interest which would be affected by the declaration" must be made parties. Obviously this includes the six children of testator who are named in the will. They must be added as parties, otherwise they are not bound by the decree.

Entertaining these views the court makes the following

### Decree Nisi

Now, November 14, 1954, the preliminary objections are overruled and refused as to Joseph F. Klein, exceptant. This order shall become final unless exceptions to it are filed within 30 days. In the meantime plaintiff is permitted within five days to amend the parties plaintiff by adding all parties in interest who shall have the right of preliminary objection within 20 days.