## Doyle's Estate.

Argued April 15, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Israel Krohn,* for appellant.

*C. D. Shull, C. C. Shull* and *J. T. Kitson,* for appellee, were not heard.

PER CURIAM, April 29, 1935:

The question involved in this case was properly disposed of by the court below; accordingly the order of the court is affirmed on the following excerpts from the opinion of Judge THOMAS, of the 56th Judicial District, specially presiding:

"P. H. Doyle died June 25, 1928, a resident of [the Borough of Stroudsburg], and a paper writing dated April 29, 1926, purporting to be his last will and testament was presented to the register of wills . . . for probate.

"Theresa O'Mara, one of the decedent's daughters, filed a caveat against the probate of said paper writing. After due hearing the register entered a decree on November 4, 1929, admitting the said paper writing to probate as the last will and testament of P. H. Doyle, wherein he bequeathed and devised his entire estate to Katherine V. Shull, and named her executrix, and letters testamentary were issued thereon to her.

"On November 21, 1930, over a year after the probate, Theresa O'Mara appealed from the register's decree to the orphans' court and presented a bond to the register in the sum of one thousand ($1,000) dollars with the Fidelity & Deposit Company of Maryland as surety, which bond was approved by the register.

"On April 26, 1933, on petition of the executrix and sole heir to the orphans' court, a rule was granted to show cause why the appeal should not be dismissed for want of filing an appeal bond as required by the statute.

"The question involved is, Whether the bond filed by the appellant in connection with her appeal is such a bond as is required by law. The bond in question reads [after reciting the names of the parties and amount of the bond] as follows:

" 'Whereas, the said Theresa O'Mara on November 21, 1930, filed in the office of the Register of Wills of Monroe County, Pennsylvania, a caveat against the admission to probate of any paper writing alleged to be the last will and testament of P. H. Doyle, deceased, or the granting of letters testamentary on the Estate of P. H. Doyle, deceased.

" 'Now the Condition of this Obligation is, that if the said caveator shall pay any and all costs which may be occasioned by reason of such caveat, and which may be decreed by such Register of Wills or ·by the Orphans' Court of Monroe County to be paid by such caveator, then this obligation to be void, otherwise to remain in full force and virtue.'

.    .    .    .    .    .    .    .    .    .    .    .

"The Wills Act of 1917, P. L. 424, reads: 'It shall not be lawful for any register of wills . . . to entertain . . . any appeal from the probate of any . . . will . . . unless . . . appellants . . . shall, within ten (10) days after the filing of [the] appeal, enter into a bond . . . conditioned for the payment of all or any costs which may be occasioned by reason of such . . . appeal.' The act further sets forth that in case no bond *such as aforesaid* shall be filed, the appeal shall be considered as abandoned and dismissed.

"The bond in this case is conditioned to pay costs that may arise on the caveat and not on the appeal. The proceedings on the caveat were ended and all costs paid. This bond contains no obligation on either the principal

374

or surety to pay any costs on the appeal to the orphans' court, and the bond not complying with the statutory requirement is of no effect and is null and void, and is to be treated as if no bond had been filed: Bailey's Est., 281 Pa. 392.

"The surety could successfully defend a suit on the bond. Its obligations cannot be extended by implication beyond the terms of its contract: Yubas v. Makransky, 300 Pa. 507-12.

"The appellant sets forth in her brief that the court, having equitable powers, should permit revision of the bond and seeks 'leave of the court for this purpose.' This the court is powerless to do, as the Wills Act places sole responsibility on the register: Nicholas Est., 2 Lack. 421; Winklefoose's Est., 5 York 151."

Decree affirmed at cost of appellant.