## Davis' Estate

*Walter S. Talbot*, for petitioner.

*Joseph G. McKeone* and *T. D. Wade*, for respondent.

WINDLE, P. J., December 7, 1936.—These proceedings raise but one very narrow question: May one who has taken an appeal from the action of a register of wills in

admitting a will to probate, but has failed to file the required bond in connection therewith, wherefore the appeal is dismissed, institute, within the statutory period, and, upon filing a proper bond, prosecute other proceedings in appeal from such action? We are of opinion that he may.

Edward Bennett Crane, brother of testatrix, two months after the probate of his sister's will on February 8, 1935, filed an appeal therefrom in the office of the register of wills. Instead of filing the bond required by the act of assembly, he handed the register $500 in cash, which was accepted, intending said fund to take the place of the bond. On May 28, 1935, upon return of a citation issued on petition of the brother by the orphans' court pursuant to said appeal, and on return of a citation, issued on petition of Louise Crane Watson, a sister of testatrix, to show cause why the appeal should not be set aside and revoked, said appeal was dismissed by this court because of the failure of appellant to file bond with the register as required by section 20 of the Register of Wills Act of June 7, 1917, P. L. 415. No exception to such action was taken. On July 9, 1935, the said brother of testatrix filed another appeal in the office of the register, accompanied by proper bond, and on June 4, 1936, caused to issue a citation thereon out of this court. His sister thereupon filed an answer to said citation and also a petition for a citation on the said brother, which was issued, in both of which she recited the dismissal of the former appeal and averred that it is a finality and a bar to the present one. Whether it is or not is the question to be decided.

As above indicated, we do not believe that the failure of appellant to file bond upon his first proceedings and the consequent dismissal thereof precludes his present action. His first appeal was not perfected, and it is therefore as if no appeal had been taken.

As our Supreme Court said, per curiam, in Bailey's Estate, 281 Pa. 392, 395, cited by counsel for the sister, where no proper bond was filed on appeal: "The required

conditions have not been met in the case at bar and the situation is as if no appeal had been filed."

That being so, there can be no objection to his taking, within the statutory period, as in this case, and perfecting another appeal and proceeding thereon. This has been squarely held in the Orphans' Court of Lebanon County, in Texter's Estate, 3 Dist. R. 364 (1893), a case decided under section 1 of the Act of June 6, 1887, P. L. 359, of which the statutory provision here under consideration is a reënactment. There Judge McPherson said:

"The second objection raises a point which has not been directly decided. It was presented in Miller's Est., 2 District Reps. 335, where two successive appeals were taken by the same person, but the question was not raised, so far as appears, and the decision deals with a different matter. But in reciting the facts Judge Over incidentally decides the point by remarking that because the first appeal in that case was not perfected by filing the bond required by the Act of 1887 it was 'in point of fact, under that Act, no appeal;' and this is all that need be said. There is a statutory period within which a decree of probate must be contested, but during that period a contestant does not exhaust his right by a mere failure to perfect his appeal. He has begun to appeal but has not finished; and if he chooses he may begin again, renewing the effort until he reaches the court he is seeking, or until the limitation of time bars further trial."

The above seems to us to be the sound and proper view. We see no reason why an unperfected appeal should exhaust one's right to appeal and prevent one from filing, perfecting and prosecuting another appeal within the time fixed by law. Certainly that is so if the first proceedings are "utterly void": Harris v. Mercur (No. 1), 202 Pa. 313. Bailey's Estate, supra, is no authority to the contrary, as there no second appeal could be taken within the required time, and the court held merely that the bond filed with the appeal did not conform to the legal require-

ments and that the appeal was properly dismissed. No question of taking a second appeal within the statutory period was raised; the first one was taken only seven days before the expiration of that time.

The construction of the pertinent provisions of the act in question suggested by counsel for testatrix's sister in his brief we cannot adopt. We believe it has not distinguished between "appeal" and "right of appeal." Section 20(b) of the Register of Wills Act speaks of "caveat or appeal" and provides that in case no bond is filed within 10 days after the filing of a caveat or appeal "such caveat or appeal shall be considered as abandoned". The reference is undoubtedly to the particular caveat or appeal, not to the right to file a caveat or the right of appeal in general; we can take no other view of that language. As above pointed out, that construction has been accepted by at least one other court and we think it the correct one. Any other would unreasonably limit the rights of parties in interest in cases of this sort and might, on purely technical grounds, unduly deprive them of the opportunity of having their objections to the action of a register of wills disposed of on the merits. We see no reason why several appeals, unperfected, should not be filed. They would necessarily be dismissed, but when one was duly perfected within the period of time fixed by the statute a decision on the merits would have to be rendered.

Nor do we believe the appellant has been guilty of laches which bars this action. Nothing appears in that connection in the stipulation filed of record but the lapse of time, which, by itself, does not constitute laches: Kinter v. Commonwealth Trust Co., Exec., et al., 274 Pa. 436. We cannot therefore grant the relief sought on that ground.

The citation issued on petition of Louise Crane Watson to show cause why appeal of Edward Bennett Crane should not be revoked and set aside is dismissed.