## Schmohl Estate

*J. Boyd Landis*, for administratrix.

*John D. Faller, Jr.*, for appellant.

*S. Luther Beetem*, Register of Wills.

SHUGHART, P. J., March 16, 1954.—On January 14, 1954, appellant filed his appeal from the refusal of the register of wills to revoke letters of administration issued on the above estate to Marian K. James. Thereafter, on January 26, 1954, the administratrix filed a motion to quash the appeal on the ground that appellant failed to file a bond. The matter has been argued before the court en banc and is now before us for decision.

The Register of Wills Act of 1951 became effective January 1, 1952: Act of June 28, 1951, P. L. 638, 20 PS §1840.103. The explanatory comment from the Report of the Joint State Government Commission to section 103, supra, states: "There being no qualification of the language employed, the act clearly applies in all cases, regardless of the date of death of the decedent."

The Act of 1951, therefore, is applicable although decedent died June 27, 1951, and the letters were issued July 2, 1951. A comparison of the language of section 20(a) of the Act of June 7, 1917, P. L. 415, and that of section 208(b) of the Act of June 28, 1951, P. L. 638, reveals, however, that the language of the two acts in this regard is so similar that decisions under the prior act are controlling in the construction of the Act of 1951.

Section 208(b) of the Act of June 28, 1951, P. L. 638, 20 PS §1840.208(b) provides:

"Any one appealing from a decree of the register shall, within ten days after filing his appeal, file with the register his bond in the name of the Commonwealth. . . . If no bond is filed within the ten-day period, the appeal shall be considered abandoned."

In Bailey's Estate, 281 Pa. 392 (1924), the Supreme Court affirmed a decree of the court below dismissing

an appeal from the probate of a will because the sureties did not sign the appeal bond for more than 10 days after the appeal was filed, although the bond had been executed by the principal. The court held that the wording of the statute was plain and mandatory. The court said, at page 395:

"The terms of the act of assembly referred to make a strict compliance therewith necessary; the bond executed by the appellants alone does not comply with the law, and the register should have dismissed the appeal. The statute is specific as to when the appeal may be taken and as to how it is to be perfected. Ample time is given to comply with these requirements. The required conditions have not been met in the case at bar and the situation is as if no appeal had been filed."

In Polke's Estate, 30 D. & C. 521 (1937), an appeal was dismissed because appellant filed a bond without sureties.

In Harris v. Mercur (No. 1), 202 Pa. 313, 316, the court said:

"This is a proceeding under an act of assembly, the provisions of which must be strictly complied with to give the court jurisdiction. The requirements of the act are mandatory, and insofar as they are disregarded the proceedings are of no validity. As said by Mr. Justice Woodward in Norwegian Street, 81 Pa. 349, quoting from a note to Dwarris on Statutes, 224, 'in all cases in the courts where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceedings will be utterly void.' "

From the cases cited above, it is clear that the failure to file the bond vitiates the appeal and the fact that appellant may have been ready and could have filed a bond a few days after the 10-day period provided will not cure the defect.

And now, March 16, 1954, at 9:05 a.m., the motion to quash the appeal is sustained and the appeal from the register of wills be and is hereby quashed and dismissed.