## Mount Lebanon Township *v.* Hobbes et ux., Appellants.

32

Argued November 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Adolph L. Zeman,* with him *Robert L. Zeman, Jack W. Plowman,* and *Rose, Houston, Cooper & Schmidt,* and *Zeman & Zeman,* for appellants.

*Frank L. Seamans,* with him *Barton Z. Cowan,* and *Eckert, Seamans & Cherin,* for appellee.

OPINION BY FLOOD, J., March 19, 1963:

The plaintiff, a first class township, filed a writ of sci. fa. sur municipal claim against the defendant property owners for the cost of construction of a sidewalk in front of their premises. In their affidavit of defence, Mr. and Mrs. Hobbes claimed that the township gave them no notice and no opportunity to construct their own sidewalk as is required by §7 of the Municipal Claims Act of May 16, 1923, P. L. 207 (53 PS §7141). The township then filed a motion for judgment for want of a sufficient affidavit of defence, con-

tending that §7 of the Municipal Claims Act is superseded by §2303 of The First Class Township Code of June 24, 1931, P. L. 1206, as amended, May 27, 1949, P. L. 1955, 53 PS §57303, which authorizes the township to lay the sidewalk and assess the abutting owner for the cost without affording the owner an opportunity to lay his own sidewalk. The court below, in an opinion and order filed March 2, 1961, discharged the rule for judgment, holding this provision of The First Class Township Code unconstitutional and void as a local and special law in violation of art. III, §7 of the Constitution of Pennsylvania.

1. We shall dispose first of the appellant's contention that the decision of the court en banc holding unconstitutional the questioned provision of The First Class Township Code is unappealable at this time. It is contended that the order entered March 2, 1961, was a final order and that the time for appeal expired ninety days thereafter. However, this order was not final, but interlocutory, since it was merely an order discharging the plaintiff's motion for judgment for want of a sufficient affidavit of defence. Such an order is appealable, if at all, only by virtue of the Act of April 18, 1874, P.L. 64, 12 PS §§1097-8. However, while the language of that act specifically authorizes an appeal by the plaintiff upon a decision against his right to judgment for want of a sufficient affidavit of defence whenever such judgment is authorized by any act of assembly or rule of court, the Supreme Court has said that the act applies only to assumpsit actions. *Reading Co. v. Willow Development Co.*, 407 Pa. 469, 189 A. 2d 316 (1962). But even if this interlocutory order were appealable and the plaintiff had proceeded without appealing it and eventually lost the case in the lower court, it could have appealed from the final judgment against it and could have questioned this interlocutory order at that time. *Bracht v. Connell,*

313 Pa. 397, 167 A. 304 (1933). Since it finally prevailed in the lower court and is now the appellee, it has the right to urge any valid ground for sustaining the final judgment in its favor. *Sherwood v. Elgart,* 383 Pa. 110, 117 A. 2d 899 (1955).

In fact, the plaintiff did not appeal from the interlocutory order but filed an amended affidavit setting forth the facts upon which it relied to show waiver. To this defendants filed an affidavit of defence and again a rule for judgment for want of a sufficient affidavit of defence was filed by the plaintiff. This rule was also discharged but, upon rehearing, the previous orders were vacated and on May 3, 1962, the plaintiff's rule for judgment was made absolute in reliance upon the validating acts of December 15, 1959, P.L. 1774, 53 PS §7444, and July 26, 1961, P.L. 882, 53 PS §7447. This is a final order, from which this appeal has been taken by the defendants. The plaintiff may therefore raise again at this time the question of constitutionality decided against it by the court below on the first rule for judgment on the pleadings.

2. Section 2303 of The First Class Township Code, supra, 53 PS §57303, provides: "Townships may, upon such notice as may be provided by ordinance, require owners of property abutting on any street, including State highways and county roads, to construct, pave, curb, repave, and recurb the sidewalks along such property with such materials, at such grades and under such regulations as may be prescribed by ordinance, and upon failure of such owners to comply with such notice, or without notice to the property owners as above provided, the townships shall in either case have power to cause the same to be done by the township, and to levy and collect the cost thereof from such owners of property abutting such sidewalk." The provision in this section that gives first class townships the right to construct sidewalks and assess the abutting

owners for the cost "without notice to the property owners"[1] was held by the court below to be a local or special law in violation of art. III, §7 of the Constitution and void. The court placed this holding upon the ground that other municipalities have not been accorded such power and are bound by §7 of The Municipal Claims Act, supra, to give notice to the abutting owners to afford them an opportunity to construct the sidewalk before the municipality may do so and assess them. Section 7 of The Municipal Claims Act (53 PS §7141) provides: "No claim shall be filed for curbing, recurbing, paving, repaving, or repairing the footways of any highway, unless the owner shall have neglected to do said work for such length of time as may be described by ordinance, after notice so to do, served upon him or his known agent or occupant of the property . . ."[2]

It is true, as pointed out by the court below that prior to the enactment in 1931 of The First Class Township Code, 53 PS §55101 et seq., all municipalities were bound to give notice to abutting owners and afford them the opportunity to do the work themselves, before the municipality had the right to assess or re-

---

[1] If this provision is contrary to §103(a) of The First Class Township Code, the later, specific provision of §2303 must prevail. Statutory Construction Act of May 28, 1937, P. L. 1019, §§63, 64, 46 PS §§563, 564.

[2] It is to be noted that this section contains an exception "when, in the case of curbing or recurbing or repaving the footway, it shall form part of an improvement resulting also in the paving, macadamizing, or otherwise improving the cartway of said highway . . ." 53 PS §7141. Since, however, there is nothing in the facts to indicate that the paving here involved is not original paving we assume, as the parties have done, that it is not a repaving and that the proviso excepting the repaving of a footway in connection with an improvement of the cartway is not applicable. In this connection, cf. *Hinaman v. Vandergrift*, 197 Pa. Superior Ct. 140, 177 A. 2d 174 (1962) and footnote 3, infra.

cover from the abutters the cost of paving the footwalks of any highway. In addition several acts applicable to specific classes of municipalities contain the same requirement. See, for example, the Act of March 31, 1905, P. L. 86, §§1, 2, 53 PS §§13841-42 and the Act of April 15, 1907, P. L. 86, §§1, 2, 53 PS §§13846-13847, relating to cities of the first class; Act of March, 18, 1875, P. L. 7, 53 PS §24391, relating to cities of the second class; §§3001-2 of The Third Class City Code, as amended, 53 PS §§38001-2; and §§1805-8 of The Borough Code, as amended, 53 PS §§46805-8.

Sections 970 and 971 of The General Township Act of July 14, 1917, P. L. 840, imposed similar requirements upon first class townships. However, in 1931 the legislature, in §2303 of The First Class Township Code, 53 PS §57303, modified this rule as above set forth.

Later, second class townships were given the same power by the Act of July 2, 1953, P. L. 354, §12, amending The Second Class Township Code by adding subsection 1402(b), 53 PS §66402 (b) so that second class townships are no longer bound to notify the owner and give him first opportunity to pave, before they may pave his sidewalk and assess him for benefits. *Hinaman v. Vandergrift,* supra.[3]

The precise question then is whether the provision in The First Class Township Code authorizing such

---

[3] In that case we decided that an abutting owner who had already constructed or had constructed for him a sidewalk which had been accepted as part of the township municipal sidewalk system could not be assessed for the rebuilding of a sidewalk, thus equating sidewalks in this respect with municipal construction of, and assessment of abutting owners for, streets, sewers and other public improvements. However, as to the abutting owners who did not already have sidewalks on their property the ordinance and assessment thereunder were held valid and constitutional. We do not have any question as to prior paving in the case before us.

townships to construct sidewalks and assess abutting owners in the first instance without prior notice to them and opportunity to do their own paving is in violation of art. III, §7 of the Constitution, as local or special legislation regulating the affairs of counties, cities, townships, wards, boroughs or school districts because such power is withheld from cities and boroughs.

Classification of townships and other municipalities and quasi-municipalities and the passage of legislation adapted to the needs of each class were authorized under art. III, §7, and such laws are made general laws by the Amendment of November 6, 1923, to the Constitution which now forms art. III, §34. This amendment not only specifically gives the legislature the power to classify townships according to population but provides that "all laws passed relating to each class, and all laws passed relating to, and regulating procedure and proceedings in court with reference to, any class, shall be deemed general legislation within the meaning of this Constitution. . . ."

In view of the language of art. III, §§7 and 34, we find no reason for holding the questioned provision of the present act unconstitutional. An act may be declared by the court to be unconstitutional and invalid only when it violates the constitution clearly, palpably and plainly, and in such manner as to leave no doubt or hesitation in our minds. *Commonwealth of Pennsylvania Water & Resources Board v. Green Spring Co.*, 394 Pa. 1, 145 A. 2d 178 (1958); *Tate Liquor License Case*, 196 Pa. Superior Ct. 193, 173 A. 2d 657 (1961).

The cases, even prior to the Amendment of 1923, held that townships could be classified into first and second class townships according to population and each class be dealt with separately from other political subdivisions: *Philadelphia and Reading Coal and Iron*

*Company's Petition,* 200 Pa. 352 (1901); *Commonwealth ex rel. Jones v. Blackley,* 198 Pa. 372 (1901), *Plains Township,* 16 Pa. Superior Ct. 262 (1901).

As stated by Judge BROWN in his dissenting opinion below, the majority's objection that they can see no reasonable difference between the procedure for paving the sidewalks in first class townships and those in other municipalities is not a sufficient basis for striking down the act. Normally it is for the legislature, and not the court, to say whether there is a difference reasonably justifying different treatment and the court can strike down such an act as special legislation only if it is clearly, palpably and plainly in violation of the Constitution.

Prior to the adoption of the Amendment of 1923, the legislature had authorized third class cities to grade and pave streets and to assess and collect the costs from abutting owners, such costs to be a lien upon the abutting properties from the time of the commencement of the work. The lower court held that this was unconstitutional local and special legislation but this holding was reversed by the Supreme Court in *City of Scranton v. Whyte,* 148 Pa. 419, 23 A. 1043 (1892). The court said: "Laws limited in their operation to a single class of cities are not, therefore, within the constitutional prohibition of local legislation, if they relate to matters that are connected with the organization or the administration of the city government, or the regulation of municipal affairs: . . . If it relates to subjects of municipal concern only, it is constitutional, because operating upon all members of the class it is a general law . . . The subject of the grading and paving of streets is clearly and exclusively one for municipal control. The power to collect the cost of the work so done, by any appropriate form of taxation, is a municipal power." The Supreme Court went on to hold that the authorization of a municipal lien as a

means of collecting such assessments, was likewise constitutional.

The purpose of the constitutional amendment of November 6, 1923, which is now art. III, §34 was not to contract but to broaden the latitude allowed in classification and to make laws relating to any class general legislation. Under this amendment all laws applicable to all first class townships in the Commonwealth, like any other properly classified municipal bodies, are general legislation. *Lancaster City Annex. Case,* 374 Pa. 529, 537, 98 A. 2d 25 (1953). See also *Kistler v. Carbon County,* 154 Pa. Superior Ct. 299, 307, 35 Atl. 733 (1944).

Most of the cases relied upon by the court below in support of its position preceded the Amendment of 1923. Those cited from a later period shed no light upon the constitutionality of the provision before us.

3. The court below also suggested that the authority of municipal or quasi-municipal bodies to pave sidewalks and require abutting owners to pay for this paving is an exercise of the police power and not of the taxing power. It suggested that this distinguishes the situation with regard to streets, sewers and other such improvements, so that notice and opportunity for the owner to do the work or have it done is a necessary prerequisite to an assessment of the abutting owner in the case of sidewalks although it is not necessary in the other cases. For this it relies upon certain language in *Pittsburgh v. Biggert,* 23 Pa. Superior Ct. 540 (1903).

When the *Biggert* case was decided, the court might well have considered that the owner should have the first opportunity to pave himself or to make his own contract for paving. It is another thing to say that at the present time the court can hold that legislation giving the township the right to pave and assess in the first instance is so arbitrary as to be unconstitu-

tional. Many first class townships of the Commonwealth consist largely of suburban areas surrounding our large cities, and many of their rural sections are rapidly turning into residential communities where sidewalks are required for the first time. Now that the rare horseless carriage of 1903 has become so ubiquitous and so fast that pedestrians can no longer use the cartways in suburban areas with any degree of safety, sidewalks are a much more pressing necessity in such areas than they were then. Many of these first class townships are growing faster than any other areas in the Commonwealth, and we do not see how this court can say either that the legislature has made this classification without substantial reason or that the provision of the code before us has taken property from the abutting owner without due process of law.

We have very recently upheld the power of a second class township to pave sidewalks in the first instance and assess the abutters for their cost. *Hinaman v. Vandergrift,* supra. Unfortunately, the court below did not have the advantage of this decision at the time it held this provision of The First Class Township Code unconstitutional.

We conclude that the Township Code of 1931, insofar as it authorizes first class townships to construct sidewalks and assess the cost thereof against the abutting owners without giving those owners notice and prior opportunity to construct their own sidewalks, is valid and constitutional.

Since this determination results in the affirmance of the final order of the lower court, we need not discuss the other points raised on the appeal.

Order affirmed.