345 A.2d 596

**ESTATE of Rebecca Roberts SHELLY, Deceased (two cases).**

**Appeal of G. ROBERTS et al., Heirs at Law.**

Supreme Court of Pennsylvania.

Argued Jan. 21, 1975.

Decided Oct. 3, 1975.

432

William L. Huganir, Gerber, Davenport & Wilenzik, Norristown, for appellants.

Israel Packel, Atty. Gen., James W. Sutton, Jr., Asst. Atty. Gen., Harrisburg, for Com. of Pa.

Paul Maloney, Philadelphia, for Glenmede Trust Co.

David M. Jordan, Norristown, for appellee Raymond Pearlstine, Trustee ad litem, Wisler, Pearlstine, Talone, Craig & Garrity, Norristown, of counsel.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

These appeals contest decrees of the Orphans' Court Division of the Montgomery County Court of Common Pleas which in effect direct the register of wills to accept a purported will of Rebecca Shelly for probate. Appellants contend that the orphans' court erred in allowing the appeal from the decree of the register of wills because no bond was timely filed as required by statute.[1] We agree and reverse the decree of the orphans' court.[2]

Rebecca Roberts Shelly died on February 16, 1971, at the age of eighty-three leaving an estate valued at approximately $900,000. Shortly after her death a will dated November 12, 1965, was offered for probate. Two caveats were filed to the probate of that will, and the matter was certified to the orphans' court. Prior to a hearing in the orphans' court a later will, dated 1969, was discovered and offered for probate.[3] This 1969 writing was rejected by the register of wills because of apparent alterations. Shortly thereafter the heirs at law petitioned the orphans' court, pursuant to section 208(a)

---

1. Register of Wills Act of 1951, Act of June 28, 1951, P.L. 638, art. II, § 208(b), 20 P.S. § 1840.208(b) (1964), repealed and re-enacted by Act of June 30, 1972, P.L. 508, No. 164, § 3, as § 908(b) of the Decedents, Estates and Fiduciaries Code, 20 Pa.C.S. § 908(b) (Supp.1975).

2. See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp.1975).

3. The proceedings to determine the validity of the 1965 will apparently were suspended once the later will was found and submitted for probate.

of the Register of Wills Act of 1951,[4] to reduce the time to appeal the register's decree to six months instead of the usual two years. All other parties involved in this action were given notice of the petition to shorten time for appeal, but none responded. Consequently the orphans' court entered a decree shortening the period to six months.

The orphans' court appointed a trustee ad litem for the Roberts Shelly Foundation, a beneficiary under the 1969 will. Appeals from the action of the register were filed by the trustee ad litem and by Glenmede Trust Company, an executor and trustee under the will. These petitions for appeal[5] were filed within the six month period. However, no appeal bonds were filed. The heirs repeatedly argued in the orphans' court that the failure to file bonds was fatal to the appeals. The orphans' court rejected these contentions, entertained the appeals, and directed the register to admit the will to probate. This appeal ensued.

Section 208(b) of the Register of Wills Act of 1951[6] provided:

"Bond. Anyone appealing from a decree of the register shall, within ten days after filing his appeal, file with the register his bond in the name of the Commonwealth with sufficient surety in such amount, not less than five hundred dollars or more than five thousand dollars, as the register considers necessary, conditioned for the payment of any costs that may be decreed

4. Act of June 28, 1951, P.L. 638, art. II, § 208(a), 20 P.S. § 1840.-208(a) (1964), repealed and reenacted by Act of June 30, 1972, P. L. 508, No. 164, § 3, as § 908(a) of the Decedents, Estates and Fiduciaries Code, 20 Pa.C.S. § 908(a) (Supp.1975).

5. The filing of "petitions for appeal" with the orphans' court was not in accordance with local rules of procedure which directed the filing of an appeal with the register of wills who would then certify the record to the orphans' court. See Montgomery Co. Orph.Ct. Rule 102.

6. The law in effect at the relevant time.

against him. If no bond is filed within the ten-day period, the appeal shall be considered abandoned."

Appellants raised the failure to file the appropriate bonds by way of preliminary objections and in motion for judgment on the pleadings. The orphans' court held that the failure to file bond was not fatal. It reasoned:

"Under the circumstances of this case . . . where one appellant is a corporate fiduciary within the jurisdiction of this Court (which if it qualified as executor would have to post no bond at all for this purpose) appealing from the refusal to probate a document in which it is a named fiduciary, the bond would serve no substantial purpose."

On March 14, 1974, the orphans' court again considered the matter in an opinion dismissing a motion for judgment on the pleadings:

"It is unfortunate that appellants were neglectful in respect to the filing of their bonds, but we do not believe that this failure in and of itself requires us to dismiss the present appeal, under the exact circumstances present. The estate of itself is ample security for costs. . . . A small bond for costs would serve no purpose, at least none so important as to warrant dismissal of the appeal."

■ ■ While it is undoubtedly true that procedural rules are to be construed liberally,[7] what is involved here is a statutory requirement which explicitly provides what shall be the consequences of failure to comply. "If no bond is filed within the ten-day period, the appeal *shall* be considered abandoned." (emphasis added) This statutory language leaves no room for discretion.

In *Bailey Estate*, 281 Pa. 392, 126 A. 793 (1924), appellants filed an appeal from the decision of the register probating the will. A bond was filed which was improper in form, not having been signed by two sureties as re-

7. See Sup.Ct.Orph.Ct. § 2, Rule 1.

quired by section 20 of the Register of Wills Act of 1917.[8] The sureties were permitted by the register to sign the bonds after the ten-day period. In affirming the dismissal of the appeal by the orphans' court, this Court held:

> " 'The terms of the act of assembly referred to make a strict compliance therewith necessary; the bond executed by the appellants alone does not comply with the law, and the register should have dismissed the appeal. The statute is specific as to when the appeal may be taken and as to how it is to be perfected. Ample time is given to comply with these requirements. The required conditions have not been met in the case at bar and the situation is as if no appeal had been filed.' "

281 Pa. at 395, 126 A. at 794.

In *Doyle Estate*, 318 Pa. 371, 178 A. 493 (1935), an appeal from the register's decree was filed within the prescribed time. A bond was filed which was improper in form in that it was not conditioned "for the payment of all or any costs which may be occasioned by reason of such * * * appeal." Appellant sought, after the ten day period had expired, to revise the bond to make it conform to the statutory requirement. This Court dismissed the appeal: " 'the bond not complying with the statutory requirement is of no effect and is null and void, and is to be treated as if no bond had been filed.' " 318 Pa. at 374, 178 A. at 494.

The provision for filing bond in the Register of Wills Act of 1951 was a substantial reenactment of a similar provision of the Register of Wills Act of 1917.[9] Section

8. Act of June 7, 1917, P.L. 424, § 20, repealed by Register of Wills Act of 1951, Act of June 28, 1951, P.L. 638, art. VI, § 601, 20 P.S. § 1840.601 (1964).

9. The bond provisions of the Register of Wills Act of 1917 were substantially reenacted in the Register of Wills Act of 1951, which was identically reenacted in the Decedents, Estates and Fiduciaries Code in 1972.

1922(4) of the Statutory Construction Act of 1972 [10] provides:

"That when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language."

Because the General Assembly has reenacted the appeal bond provision in substantially the same form since we construed it in the *Bailey* and *Doyle* estate cases, we are compelled to give the statute a similar interpretation.

Therefore, in view of the failure to post the required bond by the parties seeking to appeal the decision of the register, we must conclude as the statute mandates that "the appeal shall be considered abandoned."

An alternate basis for the orphans' court decision was that the heirs had waived the issue of the failure timely to file bond. In the opinion of October 5, 1973, the orphans' court said, "The order of February 15, 1973 effectively disposed of the jurisdictional questions raised by the heirs. If they were dissatisfied, they should have appealed from that." In the adjudication of March 14, 1974, the orphans' court ruled that because the heirs did not appeal the dismissal of their preliminary objections, their conduct constituted a waiver of all further objections to in personam jurisdiction. The court again noted the failure of the heirs to appeal from the dismissal of their preliminary objections. Alternatively, the court concluded that the filing of an Answer and New Matter after the dismissal of the preliminary objections operated as a waiver. We cannot agree.

 Ordinarily the dismissal of preliminary objections or a denial of a motion for judgment on the plead-

10. 1 Pa.C.S. § 1922(4) (Supp.1975).

ings is an interlocutory order which is not appealable.[11]
By statute appeals may be taken from preliminary deter-
minations in cases in law or in equity involving questions
of jurisdiction.[12] We have held, however, that this stat-
ute does not apply to proceedings in the orphans' court.
*Wormley Estate*, 359 Pa. 295, 59 A.2d 98 (1948); *Heinz
Estate*, 313 Pa. 6, 169 A. 365 (1933); cf. *Laudenslager
Estate*, 430 Pa. 33, 240 A.2d 477 (1968) (dissenting
opinion). Moreover, even if such a determination were
appealable failure to take an appeal from such an inter-
locutory order would not bar the issue from being raised
again once the case had been finally adjudicated by the
orphans' court. *Bracht v. Connell*, 313 Pa. 397, 170 A.
297 (1933); *Mt. Lebanon Township v. Hobbes*, 201 Pa.
Super. 30, 189 A.2d 316 (1963).

 As another ground for its decision the or-
phans' court noted that the normal two-year period for
appeal had been reduced to six months on the unopposed
petition of the heirs. It concluded that even if the fail-
ure of the parties to file the proper bond within the six
months was fatal, the court in its discretion could there-
after extend the time for appeal to the statutorily al-
lowed two years. As that time had not expired, the
court would permit the parties to file the required bond.
Without deciding whether in a proper case the orphans'
court could so extend the time for appeal, we believe that
the orphans' court could not have done so here.

11. See § 202 of the Appellate Court Jurisdiction Act of 1970, *su-
pra*, note 2; *Levy's Estate*, 307 Pa. 522, 161 A. 740 (1932).

12. Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672 (1953), pro-
vides:
"Wherever in any proceeding at law or in equity the ques-
tion of jurisdiction over the defendant or of the cause of action
for which suit is brought is raised in the court of first instance,
it shall be preliminarily determined by the court upon the
pleadings or with depositions, as the case may require; and the
decision may be appealed to the Supreme Court or the Superior
Court, as in cases of final judgments."

Section 208(a) of the Register of Wills Act of 1951 provided:

"Any party in interest who is aggrieved by a decree of the register . . . may appeal therefrom to the court within two years of the decree . . .. The court, upon petition of a party in interest, may limit the time for appeal to six months."

The effect of this section is to make final the decree of the register after the statutory time for appeal from the decree of the register has passed. Cf. *Bunce v. Galbrath,* 268 Pa. 389, 112 A. 143 (1932). That statutory period is fixed at two years but may, as in this case, be reduced to six months. Whatever the length of the period which applies in a given case, the result is the same once the period elapses without an appeal being properly filed; the decree of the register becomes final. Because the failure of the appellees to file the required bonds resulted in abandonment of the appeal from the decree of the register, we hold that the decree of the register refusing probate to the 1969 instrument became final at the end of the six month period.

Decree of the orphans' court admitting the 1969 writing to probate reversed and the decree of the register of wills refusing probate reinstated. The record is remanded for proper administration of decedent's estate.[13] Each party to pay own costs.

JONES, C. J., did not participate in the consideration or decision of this case.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice (dissenting).

In light of the particular procedural history of this case in the court below, I find this Court's approach to

13. Our determination today that there was no effective appeal taken from the refusal to probate the 1969 writing permits, if appropriate, the resumption of the proceedings to determine the proper administration of decedent's estate.

the failure to file a cost bond on the appeal from the ruling of the Register of Wills to be unnecessarily hypertechnical. I agree with Judge Taxis in his opinion of March 14, 1974 wherein he observed as follows:

"It is unfortunate that appellants were neglectful in respect to the filing of their bonds; but we do not believe that this failure in and of itself requires us to dismiss the present appeal, under the exact circumstances present. The estate itself is ample security for costs; both appellants, in fact, represent the interests of the trust estate. If Glenmede can possess the assets of estate and administer them in its corporate capacity without entering any security at all, as it can, a small bond for costs would serve no purpose, at least none so important as to warrant dismissal of the appeal. The heirs can show no harm suffered by them on account of these omissions. Moreover, the language of the statute is that an appeal not perfected by filing a bond shall be considered abandoned, but the parties had full notice in this particular case that no abandonment was thereby intended. Undoubtedly the requirement of a bond serves a real purpose in protecting the appellee, especially if an appeal may be capricious, but no such purpose is served here."

For the reasons indicated, I think the lower court properly heard the case on its merits, and that we should do likewise on this appeal.