## Sabatino Estate

*Thomas L. Walter,* for appellant.
*Chester A. Reybitz,* contra.

GRIFO, *J.,* March 16, 1977 — This matter is before the court on a rule to show cause why an appeal from the decree of the register of wills should not be dismissed for failure to file a bond within ten days from the date of the appeal.

Decedent, Joseph M. Sabatino, died on June 22, 1976, a resident of Roseto, Northampton County,

Pennsylvania, leaving a last will and testament dated May 10, 1976. This will was admitted to probate on June 28, 1976, by the Register of Wills of Northampton County, and letters testamentary were granted to Frank Sabatino, the executor named in said will.

On July 2, 1976, Marie Sabatino, sister of decedent, filed an appeal from the decree of the Register of Wills. On August 19, 1976, a $500 surety bond was filed by Marie Sabatino with the Register of Wills.

Section 908(a), (b) of the Decedents, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, as amended, 20 P.S. §908, provides:

"(a) When allowed. — Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within two years of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to six months.

"(b) Bond. — Anyone appealing from a decree of the register shall, within ten days after filing his appeal, file with the register his bond in the name of the Commonwealth with sufficient surety in such amount, not less than $500 or more than $5,000, as the register considers necessary, conditioned for the payment of any costs that may be decreed against him. If no bond is filed within the ten-day period, the appeal shall be considered abandoned."

The issue to be decided is: Where a bond is filed more than ten days after the appeal is filed, does

the statute's "appeal shall be considered abandoned" language refer only to the imperfected appeal, or to appellant's right to appeal again within the two-year statutory period?

The three Supreme Court cases that have interpreted the statutory language have not addressed themselves to this precise issue: Estate of Shelly, 463 Pa. 430, 345 A. 2d 596 (1975); Doyle's Estate, 318 Pa. 371, 178 Atl. 493 (1935); Bailey's Estate, 281 Pa. 392, 126 Atl. 793 (1924).

In Estate of Shelly, no bond was filed within the six-month time period.* In Doyle's Estate and Bailey's Estate, the court dismissed the appeals because an improper bond had been filed. Nevertheless, all three cases, in dictum, indicated that where the bond fails to meet the statutory requirements, "the situation is as if no appeal had been filed." Estate of Shelly, supra, at 436; Doyle's Estate, supra, at 374; Bailey's Estate, supra, at 395.

At least six lower courts have addressed the precise issue before this court. Four of those courts, based upon the Supreme Court dictum, have interpreted the statutory language to mean that appellant, after filing an imperfect appeal, may file another appeal with the proper bond, if accomplished within the two-year statutory period: Tutelea Estate, 60 D. & C. 2d 554 (1973); In Re Estate of Bertovich, 44 Wash. Co. 136 (1964); Polke's Estate, 30 D. & C. 521 (1937); Davis' Estate, 28 D. & C. 333 (1936).

Apparently, the other two courts have taken the contrary view. Schmohl Estate, 88 D. & C. 332

---

*In Estate of Shelly, the two-year period for appeal was limited to six months, in accordance with section 908(a), supra.

(1954); Kreider Estate, 85 D. & C. 443 (1953). Those cases seem to imply that once an imperfected appeal is taken, appellant loses his right to appeal.

We feel the better view is expressed in Tutelea Estate, supra, In Re: Estate of Bertovich, supra, Polke's Estate, supra, and Davis' Estate, supra. Based upon the dictum in the Supreme Court cases, and the lower court decisions, we hold that as long as an appellant perfects a proper appeal within the two-year statutory period, the statutory requirements are met. To decide otherwise would raise form above substance without regard to the purpose of the statute or the consequences.

## DECREE

And now, March 16, 1977, it is ordered and decreed that the appeal of Marie Sabatino from the probate of the will of Joseph M. Sabatino, deceased, is hereby dismissed without prejudice, however, to her right to take another appeal within the time prescribed by §908 of the Decedents, Estates and Fiduciaries Code, and upon compliance with the provisions thereof.