466 A.2d 693

**ESTATE OF Rebecca Roberts SHELLY a/k/a Rebecca R. Anthony, Rebecca McInnes Roberts, Rebecca McInnes Roberts Shelly, and Rebecca R. Shelly, Deceased.**

**Appeal of ROBERTS SHELLY FOUNDATION and the Attorney General of the Commonwealth · of Pennsylvania, As Parens Patriae.**

Superior Court of Pennsylvania.

Argued May 13, 1983.

Filed Oct. 7, 1983.

Petition for Allowance of Appeal Denied Dec. 19, 1983.

Lawrence Barth, Deputy Attorney General, Philadelphia and David M. Jordan, Norristown, for appellants.

William L. Huganir, Norristown, for participating parties.

Before WICKERSHAM, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the Order dated October 28, 1982 of the Court of Common Pleas, Orphans' Court Division, of Montgomery County granting exceptions filed by the appellee, Rose K. Pallitto, to the adjudication of the Orphans' Court dated June 20, 1979 wherein the Orphans' Court had ordered the distribution of the entire estate in question to the Roberts Shelly Foundation. The appellant in this appeal, Roberts Shelly Foundation, now appeals this order.

This case has a long and complex history. On three separate occasions various issues regarding the Rebecca Shelly Estate have been heard and determined by the Supreme Court of Pennsylvania. See, *Shelly Estate*, 436 Pa. 430, 345 A.2d 596 (1975); *Estate of Shelly*, 484 Pa. 322, 399 A.2d 98 (1979) and *Shelly Estate*, 496 Pa. 404, 437 A.2d 936 (1981).

As briefly as possible, the history of the case is as follows. The decedent, Rebecca Roberts Shelly, died on February 16, 1971, and her estate has been in virtually continuous litigation ever since. A lawyer herself, Mrs. Shelly prepared her will on November 12, 1965, which will was finally, at the direction of the Supreme Court, probated after a later will dated in 1969 sometime was denied probate; *Estate of Shelly*, 484 Pa. 322, 399 A.2d 98 (1979). In the course of litigation, the Orphans' Court of Montgomery County named Raymond Pearlstine as trustee ad litem to uphold the interest of the charitable remainderman, the Roberts Shelly Foundation. Subsequently, the Attorney General, of Pennsylvania participated in the litigation, as parens patriae, and the Roberts Shelly Foundation itself appeared with counsel.

The will of the decedent presented numerous problems. She represented herself as "Rebecca R. Anthony", claiming to be the "wife of Peter S. Anthony". In fact, however, the decedent was a widow whose name was Rebecca Roberts Shelly. The fictitious "husband" was utilized by Mrs. Shelly to file fraudulent joint income tax returns over a period of years before her death, thereby making substantial savings. Mrs. Shelly, as was well developed in the prior litigation of this estate, had intense feelings about the inequity of the tax laws and the malevolence of those who administer them, and she was able to overcome both her legal training and her strong religious background in order to devise schemes to keep the Internal Revenue Service from her assets.

She provided in her will for a bequest "unto my husband, Peter S. Anthony so much of my estate as shall be equal in amount to the full Marital Deduction IN TRUST NEVERTHELESS, and I order and direct that the entire income arising therefrom, shall be paid to my said husband in quarterly payments, for and during the full term of his natural life, and I further vest in my said Husband the power to appoint this trust property, to take effect at his death."

Decedent left the residue "unto my Husband Peter S. Anthony in trust for ... life" with the remainder to the Roberts Shelly Foundation, a private charitable foundation created by the decedent during her lifetime. Evidence established that she gave constant attention to this foundation, as a means of carrying out her charitable impulses.

There was, of course, no "husband Peter S. Anthony", and clearly there could be no marital deduction, a concept created by the Internal Revenue Code of 1954 to permit a deduction against one's gross estate for a proportion of that property passing as a result of death to a surviving spouse. The *sine qua non* of a marital deduction is a surviving spouse, and Rebecca Roberts Shelly had none.

There was an individual, a jewelry salesman named Peter Pallitto, who participated in Mrs. Shelly's tax fraud, by signing the name "Peter S. Anthony" on joint income tax returns, but Pallitto was neither Mrs. Shelly's husband nor Peter S. Anthony.

Since there was no marital deduction trust and since there was no "husband Peter S. Anthony", it appeared to the trustee ad litem and the Attorney General that the Roberts Shelly Foundation was in fact the beneficiary of the entire estate. In order to make this clear, and to insure that the estate could qualify for the federal estate tax charitable deduction, a petition was filed by the trustee ad litem and the Attorney General on December 29, 1975, with the court below, requesting a citation to the Tax Division of the Department of Justice, to William L. Huganir, Esquire, then attorney for the contesting heirs at law, and to Rose K. Pallitto, surviving spouse and executrix of the estate of Peter Pallitto, who had died June 4, 1973, to show cause, when the will of decedent should be probated, why that will should not be interpreted, modified and reformed to devise and bequeath the estate of Mrs. Shelly to the foundation in such form as to qualify for the charitable deduction.

Notice of the proposed filing of this petition was sent to the respondent, Rose K. Pallitto, prior to its filing, on December 8, 1975, and after the citation was granted, on December 31, 1975, the citation and petition were again sent

to her by certified mail, return receipt requested. Both Rose K. Pallitto and her Attorney Elias Naame, named as respondents, received these notices, and neither made any answer whatever.

On January 30, 1976, the return day for the citation, the petitioners made the return of service and requested, since the question of probate was then yet unresolved, that the court defer a final decree on the petition until a will was actually probated.

On March 14, 1979, the Supreme Court of Pennsylvania affirmed the decree of the court below directing probate of the will of Rebecca Roberts Shelly dated November 12, 1965, and on April 10, 1979, the Supreme Court denied a motion for reargument. On April 20, 1979, the Register of Wills of Montgomery County probated the November 12, 1965, will, granting letters of administration, c.t.a., to American Bank & Trust Co., of Pa., the designee of the Roberts Shelly Foundation.

In the meantime, Continental Bank, administrator pendente lite, filed its third (and presumably final) account, which was called for audit before the Honorable Kendall H. Shoyer, specially presiding, on June 5, 1979. In the interim, William L. Huganir, Equire, erstwhile attorney for the heirs at law since 1972, now appeared at the audit as counsel for Rose K. Pallitto.

At the audit, counsel for the trustee ad litem suggested to the auditing judge that it was then appropriate and timely to enter a final decree on the petition of December 29, 1975, since a will had been probated. Mr. Huganir, now representing Rose K. Pallitto, though present, made no objection to or comment upon that request in open court, just as neither Rose K. Pallitto nor her then attorney ever filed any response to the petition in question after service upon them in January, 1976, up to the time of entry of the decree.

On June 20, 1979, the Orphans' Court Division, Court of Common Pleas of Montgomery County, entered the order by which "the will of decedent of November 12, 1965, is

hereby interpreted, modified and reformed to provide for the entire estate of the decedent being bequeathed outright to the Roberts Shelly Foundation, there being no valid intervening life estate, thereby qualifying for a charitable deduction for federal estate tax purposes under the Internal Revenue Code."

Rose K. Pallitto duly appealed that order to the Supreme Court of Pennsylvania, as of No. 295 January Term, 1979. Following submission of briefs, the record, and oral argument, the Supreme Court of Pennsylvania on December 17, 1981, entered the following per curiam order: "Decree affirmed. See *Shelly Estate*, 484 Pa. 322, 399 A.2d 98 (1979); *Shelly Estate*, 436 Pa. 430, 345 A.2d 596 (1975). Appellant to pay costs." *Shelly Estate*, 496 Pa. 404, 437 A.2d 936 (1981).

On February 12, 1982, following and in accordance with the decree of the Supreme Court of Pennsylvania of December 17, 1981, the auditing judge confirmed the account of Continental Bank, administrator pendente lite, and issued an adjudication in which it was held that the claim of Rose K. Pallitto as executrix or as surviving spouse "to any part of the Shelly estate has been definitively foreclosed." The adjudication then went on to order distribution, after payment of costs, counsel fees and administrator's commissions, to the administrator c.t.a. and to the charitable nominee of the Roberts Shelly Foundation.

Exceptions were filed to this adjudication by Rose K. Pallitto, executrix of the estate of Peter Pallitto, deceased, and on October 28, 1982, the auditing judge issued an opinion and order, sustaining the exceptions, holding that he had erred when he signed the decree of June 20, 1979 (the final decree which was affirmed by the Supreme Court of Pennsylvania on December 17, 1971). The Roberts Shelly Foundation, the sole beneficiary of the estate, and the Attorney General, as *parens patriae*, then took a timely appeal to the Superior Court of Pennsylvania from that opinion and order.

In *Estate of Shelly*, 484 Pa. 322, 399 A.2d 98 (1979), Mr. Justice Roberts pointed out that 20 Pa.C.S.A. 101, et seq.,

Section 2514(10) of the Decedents, Estates and Fiduciaries Code "provides that a gift that is contrary to law fails and passes instead to the residuary beneficiary under decedent's will." Justice Roberts further stated that "decedent's clearly expressed intention was to benefit the charitable Roberts Shelly Foundation as residuary beneficiary."

In *Shelly Estate*, 496 Pa. 404, 437 A.2d 936 (1981), the Supreme Court affirmed the adjudication of the lower court of June 20, 1979. The appellee, Rose K. Pallitto, had appealed to the Supreme Court and in its Per Curiam Order, it referred to its earlier decisions with regard to this matter. Thus, it is clear that the Supreme Court's Per Curiam Order of December 17, 1981 is dispositive of the instant appeal. As such, the court below erred when it misconstrued the effect of the said Supreme Court decision.

Therefore, we find that the Supreme Court decision of December 17, 1981 at 496 Pa. 404, 437 A.2d 936 (1981) disposes of the issues raised in the instant appeal.

The order of October 28, 1982 in the lower court sustaining the appellee's exceptions is vacated; the Adjudication dated June 20, 1979 is reinstated; and the case is remanded to the court below for proceedings consistent with this opinion. Jurisdiction is relinquished.