J-S55020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF: MARIAN FILAR, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ESTHER FRENKEL, INTESTATE HEIR | |
| Appellant | No. 1040 EDA 2018 |

Appeal from the Order Entered February 28, 2018
In the Court of Common Pleas of Montgomery County
Orphans' Court at No: 2012-X2740

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED NOVEMBER 15, 2018**

Esther Frenkel ("Appellant") appeals *pro se* from the February 28, 2018 order entered in the Orphans' Court Division of the Court of Common Pleas of Montgomery County that dismissed with prejudice Appellant's appeal from probate. Following review, we affirm.

As reflected in the court's Rule 1925(a) opinion, and as confirmed by our review of the record, Appellant was the niece and intestate heir of Marian Filer ("Decedent"), who died testate on July 10, 2012. Decedent's September 11, 2006 will ("the Will") was probated and the Register of Wills issued a decree on July 31, 2012 granting letters testamentary to Decedent's named executor, Charles Birnbaum. Appellant, who resides in Israel, was not designated a beneficiary under the Will. On July 31, 2013, the final day for

registering a challenge, Appellant filed a counseled petition to show cause why the July 31, 2012 decree should not be set aside under 20 Pa.C.S.A. § 908(a).[1]

The Will's beneficiaries ("Proponents"), Appellees herein, filed preliminary objections challenging Appellant's standing, alleging Appellant had also been disinherited by the Decedent in several previous wills. The Proponents agreed to defer resolution of the preliminary objections pending discovery.

As the orphans' court explained:

After several years of discovery and an unsuccessful settlement conference, [Appellant's] counsel filed a petition for leave to withdraw, alleging that the relationship between [Appellant] and her counsel had become "irretrievably broken." [Appellant] opposed this withdrawal.

---

[1] Section 908 (Appeals) of the Probate, Estates and Fiduciaries ("PEF") Code provides, in relevant part, that "[a]ny party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, . . . may appeal therefrom to the court within one year of the decree." 20 Pa.C.S.A. § 908(a).

Also relevant to this appeal is Section 908(b) of the PEF Code, which provides:

(b) Bond.--The court, upon cause shown and after such notice, if any, as it shall direct, may require a surety bond to be filed by anyone appealing from a decree of the register conditioned for the payment of any costs or charges that may be decreed against him. . . . If a bond in compliance with the final applicable order is not filed within ten days thereafter, the appeal shall be considered abandoned.

20 Pa.C.S.A. § 908(b).

On December 19, 2017, the undersigned *sua sponte* directed [Appellant] to post bond [pursuant to 20 Pa.C.S.A. § 908(b)] in the amount of $25,000 within thirty days. After [Appellant] failed to post the bond, the proponents filed a motion to declare the outstanding petition sur appeal abandoned. On February 28, 2018, no objections having been filed to the motion, this [c]ourt entered an order pursuant to 20 Pa.C.S.A. § 908(b) determining that [Appellant] had abandoned her petition and dismissing the appeal with prejudice. The outstanding petition by [Appellant's] counsel for leave to withdraw his appearance was perforce mooted by this order.

Rule 1925(a) Opinion, 5/23/18, at 2. This timely appeal followed.[2]

On March 30, 2018, the court directed Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). As the court noted:

On April 18, 2018, the [c]ourt received a *pro se* document from [Appellant] captioned "AN APPEAL," which appears to be her attempt to fashion a statement of matters complained of. The document contains fourteen numbered paragraphs most of which outline details of her dispute with her former counsel. Paragraph 13 of her statement references the $25,000 bond requirement which she claims she cannot pay.

The single issue raised in this appeal is whether this [c]ourt's order issued February 28, 2018 was appropriate.

*Id.* at 2-3.

Appellant subsequently filed a document entitled "A Brief." The two-page document includes seven numbered paragraphs explaining that her counsel sought to withdraw his representation of Appellant; that opposing

---

[2] Appellant's former counsel filed the notice of appeal on Appellant's behalf, but noted he was doing so as "former counsel." Appellant is proceeding *pro se* in this appeal.

counsel "took advantage of [her] and asked the court to impose a bond on [her]"; that the court dismissed counsel's request to withdraw; that opposing counsel's request for a bond was based solely on Appellant's counsel's request to withdraw; that Appellant could not afford the bond and the court dismissed her case because she did not secure the required bond; and that the court's rejection of counsel's request to withdraw has eliminated the reason for requesting the bond. Appellant's Brief at 1-2, ¶¶ 1-5. With the exception of counsel's request to withdraw, to which Appellant objected, none of the other matters presented in the first five paragraphs was raised before the trial court. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Therefore, to the extent Appellant has raised any discernible issues in these paragraphs, we may not consider them. As for Appellant's assertion that counsel attempted to withdraw representation, that is a statement of fact, supported by the record. However, the court did not rule on the petition, dismissing it as moot. Order, 2/28/18, at 1. Therefore, there is no issue for this Court to review.

In her sixth paragraph, Appellant asks this Court to cancel the bond requirement and the dismissal of her case. *Id.* at ¶ 6. In the final paragraph, she asks this Court to consider an "enclosed page of comments." *Id.* at ¶ 7. However, the only attachments to her filing consist of the orphans' court's February 28, 2018 order, its order directing Appellant to file a Rule 1925(b) statement, and its Rule 1925(a) opinion.

It is clear Appellant's brief fails to comply with our appellate rules governing briefs in every respect. In accordance with Pa.R.A.P. 2101, we may quash or dismiss an appeal if the defects in the brief are substantial.

In **In re Ullman**, 995 A.2d 1207 (Pa. Super. 2010), we reiterated that while "this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Id.** at 1211-12 (citation omitted). While Appellant's failure to conform to the requirements of the rules warrants suppression of her brief and dismissal of her appeal, here—as in **Ullman**—we are able to glean the one issue that the orphans' court has likewise identified, *i.e.*, whether the court's February 28, 2018 order dismissing Appellant's appeal from probate is appropriate. Therefore, we shall address the issue.[3]

Our standard of review of an order or decree of the orphans' court requires that we give deference to the court's findings. We must "determine whether the record is free from legal error and the court's factual findings are supported by the evidence." **In re Staico**, 143 A.3d 983, 987 (Pa. Super. 2016 (citations omitted).

We have already determined that the court's factual findings are supported by the record. With regard to its legal conclusion, we look to the

---

[3] We note the Appellant also filed a reply brief, styled "Re: My answer to the brief of appellees[]," as well as an "Addendum/An Addition to My Brief," neither of which complies with our appellate rules and neither of which presents any argument on issues preserved for appeal.

language of Section 908(b) of the PEF Code. As reflected above, Section 908(b) authorizes the orphans' court to require a surety bond upon cause shown and after notice. Here, after years of discovery and a settlement conference that failed to lead to a resolution of the dispute, Appellant's counsel filed a motion seeking to withdraw from the case. The court conducted a conference on December 5, 2017 in which counsel for the Proponents and Appellant's counsel participated. The court subsequently entered its order requiring that Appellant post bond in the amount of $25,000 pursuant to Section 908(b) and giving Appellant thirty days to do so. Order, 12/17/17, at 1. When Appellant failed to comply, counsel for the Proponents filed a motion on January 18, 2018 seeking a declaration under Section 908(b) that Appellant's failure to comply resulted in abandonment of her appeal. Appellant did not oppose the motion.

On February 28, 2018, the court entered the order, in accordance with Section 908(b), finding that Appellant had abandoned her appeal. Consequently, the court dismissed the action.

We find no error in the court's ruling. The court simply followed the dictates of Section 908(b), which provide if a contestant fails to file a bond in compliance with the court's order, the contestant's appeal "shall be considered abandoned." **See Estate of Shelley**, 345 A.2d 596, 599 (Pa. 1975) ("in view of the failure to post the required bond by the parties seeking to appeal the

decision of the register, we must conclude as the statute mandates that 'the appeal shall be considered abandoned.'").[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/18

---

[4] We note that **Shelley** applied the provisions of Section 208(b) of the Register of Wills Act of 1951, 20 P.S. § 208(b), the predecessor to 20 Pa.C.S.A. § 908(b). While some of the language of the earlier statute differs from the current language of Section 908(b), the mandate in question—that failure to post bond shall be considered an abandonment of the appeal—was carried over to the current statute.